Good morning, Your Honors. Donald Cook for Plaintiffs and Appellants, seated with me is Cynthia Anderson-Parker and Colleen Flynn, Co-Counsel. Both in the court below and before this court, the defendant's position is that 14602.6, M-Town, is punishment for violating California criminal law. Judge Otero agreed to quote from their brief, the 30-day presumption impoundment is not a temporary hold based on a community caretaking doctrine, but a punishment for violation of California law. Is it a punishment or is it a carryover from the ancient common law concept of the deal Dan? No. Deo Dan is forfeitures. Deo Dan is to compensate the state for the cost. This, by the defendant's position... It's more than that. The Deo Dan was the taking of the chattel because it had committed the wrong. And in this case, the vehicle is an instrumentality of the crime. If a person drives a vehicle with a suspended license, that is part and parcel of the criminal offense, is it not? It is certainly part of it. If you drive your car with a broken tail light, it is part of the crime. But the legislature makes that a traffic infraction. We're talking about driving while a license is suspended. Well, what are we talking about? I guess that's my... I'm not quite sure I understand what your claim is. Summary punishment made by decision of an officer in the field, summary punishment imposed without any notice whatsoever, whether before imposition of punishment or even after imposition of punishment. Punishment for what? Punishment for the driver having provided, excuse me, for the owner of the vehicle having provided the car to the driver without having made reasonable inquiry into the status of the driver's license. That's 14604 of the vehicle code. Well, what is supposed to happen? Somebody's out there driving without any license and they get stopped and they have no license at all. And is the police officer supposed to send them home, send them off to drive without any license? What's supposed to happen? No, no. Under both community caretaking doctrine as well as other statutes of California law, if, for example, my driver's license, California driver's license is expired and I'm driving my truck, I'm stopped, violation of 12500 of the vehicle code, driving without a license, my truck may be stored under the community caretaking function and if I then show up to claim my vehicle, my license hasn't been reinstated or with a companion who has a driver's license, I get the car back. That's the community caretaking function at work. It's been around for generations and that's what the officers have to rely on and have been relying on for years. What this statute does is it takes the car, excuse me, when the officer makes a decision to impound, he's not taking the car under the community caretaking function as defendants have repeated over and over again. He's doing it to punish the owner for having lent the car in violation of 14604. Well, but let me ask you, are you challenging the seizure without a pre-seizure notice? No. What we are challenging is the summary and position of punishment, one. Okay, so let me follow up then. Sure. So if you're not challenging the pre-seizure without a hearing, there is a provision for post-seizure hearing, is there not, in the statute? The registered owner of the vehicle can request a hearing which must be conducted within 48 hours of the request. There is, that's the 226, 22852 storage hearing enacted many years before, the purpose of which is to determine whether the decision to remove the car is valid. There's nothing in that statute, nothing in the notice they received, the CHP 180 form. There's nothing in the ticket that says you, the owner, are being punished for having When you say punished, that's a word. But if you violate a statute which says that you have to have a license in order to drive a vehicle, and a valid license to drive a vehicle, and you've just said that if you don't have a valid license to drive the vehicle, the vehicle can be taken, then what is the difference between what you say is valid and what you say is punishment? The difference is the community caretaking doctrine authorizes removal of the vehicle for the purpose of safekeeping the vehicle or because it presents a danger of leaving where it is. For example, if the car is stopped on a busy street, there's no one to drive it away, the driver is unlicensed. That's community caretaking. It's a non-criminal, non-punitive purpose. When you take property to punish a person, which is why it's being done here, that's an entirely different animal. But this is, it's a different statute. And you're confusing caretaking with 14, the provisions in 14602.6. And I asked you about the post-seizure hearing. Doesn't that statute provide for a showing to justify early release of the car if any of the statutory factors at 14602.6d.1 are established? It provides for early release of the car under certain sets of circumstances, the most broadly stated of which is the mitigating circumstances. What the statute does not provide is any notice that you have a right to challenge the determination that the owner of the vehicle violated 14604, giving the car to a driver without having first made reasonable inquiry. Well, if the car was stolen, I suppose that would be a mitigating circumstance. I'm not... There's actually a specific... The statute provides for that, yeah. But the point is when the first, when the state takes property, the state has to have a basis for taking the property, number one. But you're not challenging the pre-seizure impoundment. So the only real challenge here is to the length of the impoundment. It's not a forfeiture in the sense that title is cheats to the crown and then we sell the car. It's not a forfeiture. It is a... So at section 14, 14602.5, that's a judicially imposed impoundment for up to a period of one year. It follows the determination that the owner of the vehicle had committed a crime, has been a judge guilty, and then the judge, obviously neutral tribunal from any officer who issued the original citation, determines an impoundment is appropriate. Now, contrast that with our statute. When the officer in the field makes the decision to impound, punishment is imposed. Now, you may be able to... But what statute is it that you've made? What provision is it that you're talking about right now? 14602.5. That's the statute that permits a judge, after the owner has been convicted, may impose impoundment of the vehicle for up to one year, depending upon various circumstances. Okay, but the impoundment here under 06 is not longer than 30 days, and the hearing officer is not a judge, but it is somebody at the agency that impounded the car, right? That's correct. The problem, though, is what is the owner told as to his wrongful act, number one? Well, let's deal with one issue at a time, Mr. Cook. You're challenging, as I understand it, the impartiality of the hearing officer, and you're trying to, I think, argue that it should be a judge and not an agency employee who conducts the post-seizure hearing. Am I correct? Not entirely correct, Judge Tallman. We certainly are arguing about the deficiencies in the hearing process. More fundamentally, before you even get to the hearing process, we have the problem of a police officer being given power to impose summary punishment, which is what the 30 days is? You keep calling it punishment, but I'm not sure that's what it is. The legislature has made a determination that if you are arrested for a criminal offense as specified in 06, your car will be seized, and it will be held for 30 days. And the legislature made express findings that this was necessary to protect the public from having that vehicle being driven by the same person who is still unlawful in driving the car. That's what we're talking about. If I may correct, Your Honor, as to the statute. The statute does not provide that if you are driving the car, your car gets seized. The statute provides if the driver... If you let somebody else drive. Right? Then the car is impounded, or excuse me, the officer may choose to arrest the driver and impound the car, and if the car is impounded, it's for a period of 30 days. The owner who suffers the deprivation of property is told only you can have a storage hearing, which by terms of the statute addresses the justification for removing the car from the street. And again, assuming they have a community caretaking purpose in removing the car, which in our client's case, they do for many of our clients, but not all. There are some where we say they didn't even have a community caretaking purpose. But assuming they have a community caretaking purpose in removing the car, that does not entitle them to continue to hold the car when the owner shows up properly licensed to claim his property. But what's wrong with the legislature putting the onus on the registered owner of the vehicle not to lend the car to somebody who will be committing a crime when driving it, based on the finding that the legislature made of the higher incidence of traffic accidents caused by drivers who are driving in violation of OSIC? If I may use a hypothetical just to illustrate the point, we all recognize the problems caused by driving under the influence. If the legislature passed a law that stated upon an officer stopping a driver, having given a breath test and he blows a .08 showing intoxicated, the officer may immediately impound the car for a period of time, 30 days, and may fine the person $1,500 upon the officer's decision. And the only recourse that the driver in this case would have is that he can go to a hearing where the burden of proof is on him to present some type of mitigating circumstances. Now, certainly... To do what? Well... In order to what? Get the car? In order to get the car back earlier than 30 days, which also has the consequence of reducing the amount of the fine. The problem in that statute is that you will have told, the decision to impose punishment. Now, there's no question here about the state has the power to impose punishment for a certain type of behavior. Right. But you say that it's all right to impound the vehicle. So I don't understand where we get the punishment from. First, because we distinguish between storage and impoundment. The state distinguishes between storage and impoundment. The CHP 180 form has a box to check for storage and impoundment. In our client's case, impoundment is checked. When they stop the person who is too ill to drive, for example, let's say he has a valid license, but he's obviously too ill, cannot drive, and you can't leave the car there for obvious reasons, they'll check storage. They'll remove the car, and then you can come and get the car. Would you – you've almost used your time. Could you just point to me in the complaint? I've got the Second Amendment complaint. It's actually the Third Amendment complaint. Third Amendment complaint I should have? Yes. Well, what is the paragraph of the complaint that best describes what it is that your claim is? It probably starts at paragraph 147 through paragraph 165. I know I'm at the end of my time, but the issue is not whether the state has the power to impose a 30-day impoundment, a 60-day impoundment, whatever. Yes. They have the power. It has to be exercised in a constitutional manner that comports with due process requirements. Once you eliminate community caretaking as a justification for the removal of the car and storage, what is the justification for holding the car? It's not a forfeiture, as they say. It's being done not to compensate. It's being done, as they argue, as a penalty. Okay. Punishing the owner. I understand what you're saying. Thank you. Thank you. Good morning. Chris Lockwood, arguing for all defendants except for one issue for the state defendants. Okay. So who else are we going to hear from, and how much time are you going to have? One counsel for the state, very briefly. Okay. Otherwise, you get me. All right. And you are? Chris Lockwood. There were a number of concessions made during the argument, which I think narrowed the issues again. I want to narrow them further. There's no issue before the courts about injunctive relief. The district courts... Just one minute. You represent the county of Riverside? Correct. Okay. Go ahead. Okay. The district court dismissed the injunctive relief claims based on a lack of standing to bring them. There's not a word in the open group about that. That issue has been waived. That's gone from the case. They keep trying to blur the distinction between a facial challenge and an as-implied challenge. I think that's an important distinction to make. The community caretaking doctrine, which we've talked about quite a bit... As I understood the concession, the facial challenge is now not before us, because once you concede that the impoundment can take place without a hearing, now we're talking about an as-applied challenge with regard to the post-seizure hearing. Okay. There were some arguments made about the adequacy of the notice that was given. On an as-implied basis, the question is, did they, in fact, get notice sufficient to present what they wanted to present at the hearing? There was no evidence that any of the 21 plaintiffs didn't get sufficient notice. And more importantly, the purpose of notice in a hearing is to say something. There is no evidence anyplace in this 3,500-page record of anything any plaintiff could have said that was mitigating under any possible scenario you want to use. Our brief list in detail of what they presented. A few of them presented blatant lies. Everybody else presented nothing. Well, let me ask this. The mitigation goes to the cost. What is it supposed to go to? It goes to the time. Basically, it goes to release of the car. Car early. And there's California cases defining some things that are mitigating. One is the owner didn't know that the driver was unlicensed. There's a variety of things. But if you look at the plaintiffs in this case, despite all the time that they had to present evidence, there is nothing in the record indicating anything mitigating for any of them. But what is mitigating? Would mitigating include the hardship, the loss of the car for this period of time? It's the potential they can take into account. One of the California cases does expressly talk about lack of knowledge, that the driver is unlicensed. And it leaves it fairly wide open because mitigation can be a variety of things. But on an as-implied basis, which is all we have here, there's nothing the plaintiffs had to show anything. So the abstract question of what should or shouldn't be considered just is not before the court. We have 21 plaintiffs, and for none of these plaintiffs was there a violation of their rights. And I think the court can stop at that point. We don't have an equal protection. No. Never alleged. There were a few arguments made about distinction, reportedly, between impoundment and removal and storage under California law. There is no distinction. The statutes use the terms interchangeably. 14602 itself uses removal, seizure, and impound to be the same thing. But there is a factual distinction, is there not? The taking of the car is the impoundment. The putting the car with the tow company is the storage. And the challenge here, as I understand it, under the due process argument, is to the length of the storage following the impoundment and an inability to obtain an early release at the post-impoundment hearing because you can't show anything more than the few factors the legislature provided in 14602.6. Okay. Am I understanding the theory correctly? I think plaintiff's theory applies to law. That is correct. They're not challenging the initial taking of the car. And they're also not challenging, as I understand it, the fees that would be charged for the taking and for the storage of the car up until the point of a hearing. So we're talking, once again, a further reduction of what the case is about. And the legislature has made a decision that it should be to remain for 30 days following the initial taking unless they can show mitigating circumstances. And that really is the narrow issue on the case. What happens at the end of the 30 days? They get the car back. Do they come and pick it up or do they? Yeah. So that's all in the notice. Right. Is there a copy of the notice that they get? There are notices for some of the plaintiffs. Is that what this form is? A number of agencies at the time relevant to this case were using a CHP form because you look at 14.6 of 2.6, it cross-references another statute. And some of them did get the form from that. Other ones, in addition to that, received oral notices. Others received other written notices. Others went to stations where things were posted. There's a variety of things. Some of them just talked to people and found out what to do. Some of them were given forms to fill out which indicated state what your mitigating circumstances are. So there's a variety of notices that were given. But the important thing is everybody had actual notice, and there's nothing indicating they would have done anything different, no matter how much notice you gave them. Are these the same notices used by all these municipalities? They're not required to use any notice at all. They are required for a storage hearing on top of, which is on top of the other one, to issue a notice, a CHP form. Nothing either allows or prohibits or specifies other notices on top of that. And the notices do vary per agency. Does the Court have any questions based on the record? Anything you want to talk about? Okay. I'll defer to counsel for this one. May it please the Court. Sandra Barrientos, Deputy Attorney General, on behalf of the State Defendants. Mike Brown, Sunni McPeak Wright, and who's my third one? Dale Bonner. I thought they were out of the case, and there's no challenge to the dismissal. No, Your Honor. They have challenged our dismissal. That is one of the problems with the way the break was written. Are you representing the State and the individual defendants? No, Your Honor. The State was dismissed. Okay.  The individuals are out. These are the three high officials in the State of California. And now that we've limited the case here to the as-applied challenge, it's clear that my State officials, two of them which are Secretaries of the Business, Transportation, and Housing Authority for the State of California, and have nothing to do with implementing California Highway Patrol policy, are clearly not proper defendants in this case. We are left with Commissioner Brown, who's the California Highway Patrol Commissioner. And as set forth in my brief, the California Highway Patrol, he didn't take the four plaintiffs whose cars were seized by the California Highway Patrol. Of those four plaintiffs, only one of them is mentioned in the plaintiff's brief. Commissioner Brown was not involved with the seizure of any of those vehicles. Commissioner Brown, on the other hand, is very involved with developing policies within the California Highway Patrol that would comply with constitutional law and California law in implementing the policy. Plaintiffs have alleged that as supervisors, these individuals should be responsible for what the California Highway Patrol policy is. Plaintiffs have not challenged the California Highway Patrol policy per se. And there is specific policy in our books which says you have to do this, you have to take into account the community caretaking doctrine. And that's basically it. Also, the issue of qualified immunity, Your Honors. As supervisors and high-ranking officials in the State of California who were sued in their official capacity as well as their individual capacity. As the injunctive relief is now gone, there is no official capacity to sue. So we're left with the individual capacity. Assuming that what plaintiffs say is true, that there is a problem with the statute and as applied, not as I guess we're left with, as applied, we couldn't have known that our policies were constitutionally unreasonable because we were following California law and Federal law. So we're entitled to qualified immunity. Okay. Thank you, Your Honors. Thank you. I may use it. Well, we'll give you a minute. Okay. Thank you. Are you going to respond to her? Are you going to let the individual defendants? Yes. First of all, they're responsible because of the policy of permitting impoundments, 30-day impoundments for a non-community caretaking function. The law is clearly established. But they're relying on the statute. I mean, her argument is we couldn't have known that this was unconstitutional when the legislature told us to impound the car for 30 days. And our policy carries out statutory command. I would submit the constitutional principles at stake here are well-established and they should have known. Should have known what? Should have known that an impoundment for a punitive purpose is not permitted under community caretaking function. It's not a community caretaking? You keep using that term. But we're talking about 14602, not 22852. That's the policy that the CHP commissioner is carrying out. And that's the problem. And if I can address an initial point Your Honor has made, we have not abandoned our facial challenge. We claim, still claim, on its face, 14602.6 violates due process challenges. Every one of our plaintiffs had their cards. Okay, but you concede that the legislature has the power to do what it did in 14602, don't you? No. What we concede is that the legislature has a power as part of punishment of some specified crime to punish. The legislature has the power to execute people convicted of first-degree murder. But before they execute people, there had better be a state statute that says you are subject The statute says if you drive a motor vehicle while your license is suspended or revoked or for the other reasons set out in the statute, your car can be impounded. Incorrect. The legislature clearly has the power to do that. Why is this any different from taking the car of someone who solicits a prostitute or who is involved in a drug transaction? There are statutes that provide for impoundment of the car under those circumstances. Are you challenging those statutes? No, those are forfeiture statutes. And when the state proceeds under those statutes, there is a well-defined process that commences where the owner of the vehicle is told this is why your car is being taken. Because the driver used it to solicit a prostitute. Here's a hearing. That's not what this says. It tells you your car has been impounded and it tells you you're entitled to a hearing and here's how you get it. And that's all it tells you. It doesn't tell you that you the owner of the vehicle, not the driver, you the owner of the vehicle are being accused of, this is the argument in your brief, you are being accused of having knowingly lent your car to someone that you should have inquired of as to their license tax. Okay. I think we're way over time and appreciated your argument. Just on the class certification issue, if the class certification motion should have been heard, then the injunctive relief claim is not moot and the court's decision of just yesterday on Huntian v. Xeon Pictures supports our position that the trial court committed error by not exercising discretion. Thank you. Thank you. Thank you, counsel. The current case just argued is submitted for decision. We'll hear the last case, which is Unicom Systems v. Farmers Group.
judges: Jarvey, Schroeder, Tallman